THE SOLITARIA LAND COMPANY *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 98.—Decided December 18, 1911.

AGRICULTURAL CORPORATIONS—LIMITATION OF NUMBER OF ACRES—IRRIGATION CORPORATIONS.—A corporation organized to acquire lands for irrigation and other purposes related to the use of waters is not an agricultural corporation, and the acquisition thereby of more than 500 acres of land is not a violation of the Joint Resolution of Congress.

ID.—LIMITATION OF NUMBER OF ACRES.—The provision limiting the number of acres which may be owned by an agricultural corporation is not extended by analogy to other classes of corporations.

The facts are stated in the opinion.

*Messrs. Hartzell & Rodríguez Serra* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

The Solitaria Land Company bought land part of which lay in the district of Humacao and part of which lay in the district of Caguas. The Registrar of Humacao recorded the deed in so far as it respected the land in his territory. The Registrar of Caguas refused a similar registration on the ground that such corporation being a local stock company was shown by the deed itself to have acquired more than five hundred acres of land, such acquisition, so the registrar alleged, being in opposition to section 4 of the Civil Code which makes void acts contrary to the law, and that such acquisition was so contrary by reason of article 3 of the Joint Resolution of the Congress of the United States. Article 3 of the Joint Resolution is as follows:

"Section 3. That all franchises, privileges or concessions granted under section thirty-two of said Act shall provide: that the same shall be subject to amendment, alteration or repeal; shall forbid the issue of stock or bonds, except in exchange for actual cash, or property at a fair valuation, equal in amount to the par value of the stock or bonds issued; shall forbid the declaring of stock or bond dividends; and, in the case of public-service corporations, shall provide for the effective regulation of the charges thereof and for the purchase or taking by the public authorities of their property at a fair and reasonable valuation. No corporation shall be authorized to conduct the business of buying and selling real estate or be permitted to hold or own real estate except such as may be reasonably necessary to enable it to carry out the purposes for which it was created, and every corporation hereafter authorized to engage in agriculture shall by its charter be restricted to the ownership and control of not to exceed five hundred acres of land; and this provision shall be held to prevent any member of a corporation engaged in agriculture from being in any wise interested in any other corporation engaged in agriculture. Corporations, however, may loan funds upon real estate security and purchase real estate when necessary for the collection of loans, but they shall dispose of real estate so obtained within five years after receiving the title. Corporations not organized in Porto Rico and doing business therein, shall be bound by the provisions of this section so far as they are applicable."

The Solitaria Land Company, as it appears from its charter, is primarily a corporation for the purpose of acquiring land for irrigation and other purposes connected with the use of water. It does not affirmatively appear that said corporation has engaged or intends to engage in agriculture, nor that it has conducted or intends to conduct the business of buying and selling real estate. The registrar bases his refusal on the theory that as the law limits agricultural corporations to five hundred acres, a corporation of the character of the appellant would necessarily need land for its purposes. The reasoning of the registrar is erroneous. It does not appear that The Solitaria Land Company has violated the Joint Resolution of Congress and that law was evidently intended to apply only to the corporations named therein.

Where a case shall be presented in which such joint resolution has been clearly violated we shall consider and decide it bearing in mind all the legal principles of whatever character that may be relevant to the point in discussion. At present we refrain from doing so because it is unnecessary for the decision of the present appeal.

The note of the registrar must be reversed.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.